UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHERYLE KINCAID; CHERYLN KINCAID,
by her next friend, CHERYLE
KINCAID,
Plaintiffs,

v.

PROPERTY TECHNICIANS,
INCORPORATED, d/b/a United Property
Management Company; JON VEARD,        No. 97-2136
President; ERIC VEARD,
Defendant & Third Party
Plaintiff-Appellants,

v.

INDIANA INSURANCE COMPANY, a
corporation,
Third Party Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
David A. Faber, District Judge.
(CA-94-796)

Submitted: February 10, 1998

Decided: March 20, 1998

Before WILKINSON, Chief Judge, and MURNAGHAN and
HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mark A. Bramble, Brent K. Kesner, KESNER, KESNER & BRAMBLE, Charleston, West Virginia, for Appellants. James M. Henderson, II, WHITE & HENDERSON, Princeton, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Property Technicians, Inc., appeals from the district court's order granting summary judgment to Indiana Insurance Co. on Property Technicians' declaratory judgment action. We have previously granted motions to submit this case on the briefs. Finding no error, we affirm.

I.

Cherlye and Cheryln Kincaid ("Kincaids") were residents of Fayette Manor Apartments in Oak Hill, West Virginia, an apartment complex managed by Property Technicians, Inc. ("Property Technicians"), an Ohio corporation engaged in the management of various properties. The Kincaids filed a complaint against Property Technicians, Jon Veard, its president, and Eric Veard, an officer, alleging that Property Technicians had discriminated against the Kincaids in violation of the Fair Housing Act, the Rehabilitation Act, and the West Virginia Human Rights Act.

Property Technicians was the named insured on a policy issued by Indiana Insurance Company ("Indiana"). (JA 220). Property Technicians listed as its business description "managing apartment complexes all over the state of Ohio." Property Technicians did not list any West Virginia business operations. In form language in another part of the policy, the "coverage territory" was listed as the United

2

States, Canada, and Puerto Rico. Indiana was not licensed to insure property in West Virginia.

When Property Technicians sought indemnification and defense against the Kincaids' suit from Indiana, Indiana refused to defend and indemnify Property Technicians. Indiana contended that the policy only covered Property Technicians' business activities in the State of Ohio, and did not insure any business activities in the management of property in West Virginia. Property Technicians filed a third-party complaint against Indiana for declaratory relief, seeking a declaration that Indiana was obligated to defend and indemnify Property Technicians, and requesting damages arising out of Indiana's denial of coverage and defense. Property Technicians then moved for summary judgment on its declaratory judgment count.

The district court denied Property Technicians' motion and entered judgment for Indiana. The district court held that the policy did not cover suits arising from Property Technicians' management of rental properties in West Virginia, and thus that Indiana was not obligated to defend and indemnify Property Technicians on the Kincaids' suit. Property Technicians appeals from the summary judgment order.*

II.

A grant of summary judgment is reviewed de novo. See Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

Although throughout the policy Property Technicians listed as its business description "managing apartment complexes all over the state of Ohio," and made no mention of any properties which it managed in West Virginia, the form language of the policy listed the "coverage area" as being the entire United States, Canada, and Puerto

_____

*After the district court's grant of summary judgment in favor of Indiana, Property Technicians settled with the Kincaids. The West Virginia property was insured under a policy of liability insurance issued by Westfield Insurance Company ("Westfield"). Westfield consummated a settlement solely on behalf of Property Technicians; all claims against the Veards individually were dismissed with prejudice in conjunction with the settlement.

3

Rico. Accordingly, on the face of the policy, whether the West Virginia business operations were insured is arguably susceptible to two reasonable interpretations. See Pilling v. Nationwide Mut. Fire Ins. Co., ___ S.E.2d ___, ___, No. 23949, 1997 WL 775570, *2 (W. Va. Dec. 17, 1997); Hamric v. Doe, ___ S.E.2d ___, ___, No. 23964, 1997 WL 752151, *7 (W. Va. Dec. 5, 1997); Ald Concrete & Grading Co. v. Chem-Masters Corp., 677 N.E.2d 362, 366 (Ohio Ct. App.), appeal not allowed, 673 N.E.2d 148 (Ohio 1996).

Upon consideration of the circumstances and the policy in its entirety, however, it is clear that the intention of the parties was for the Indiana policy to cover Property Technicians' business risks arising out of its managing of Ohio properties only, and that the parties did not intend for the policy to insure Property Technicians' business risks arising from operation of West Virginia property. The policy was issued in Ohio. Throughout the policy Property Technicians uniformly listed only its operation and management of Ohio properties, and the operation and management of West Virginia properties was not mentioned. The West Virginia property subject to the underlying suit was insured by another insurance company, which defended and indemnified all Defendants. Further, Indiana was not licensed to transact insurance business in West Virginia. Thus, neither Property Technicians nor Indiana could have intended for the Indiana policy to insure the operation of rental properties in West Virginia. See Hamric, 1997 WL 752151, at *8; Ald Concrete, 677 N.E.2d at 366; Boso v. Erie Ins. Co., 669 N.E.2d 47, 51 (Ohio Ct. App. 1995), appeal not allowed, 664 N.E.2d 1293 (Ohio 1996); see also W. Va. Code Ann. §§ 33-4-1, 33-3-20 (Michie 1996). Accordingly, the Indiana policy did not insure Property Technicians' business operations in West Virginia, and Indiana was not obligated to defend and indemnify Property Technicians in the Kincaids' suit.

For these reasons, we affirm the district court order granting summary judgment to Indiana on Property Technicians' declaratory judgment action.

AFFIRMED

4